JOHN J. KANG, Esq.
Law Offices of John J. Kang
7670 Opportunity Road, Suite 225
San Diego, CA 92111
Telephone: (858)278-5480

California State Bar No. 190751
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LI WANG and JIANMIN WANG )<br>)<br>   Plaintiffs  )<br>)<br>vs.  )<br>)<br>EMILIO T. GONZALEZ, Director of )<br>Citizenship and Immigration Services; )<br>MICHAEL CHERTOFF, Secretary )<br>of Homeland Security; and )<br>ALBERTO R. GONZALES, )<br>Attorney General of the Unites States )<br>)<br>   Defendants  )<br>   )| Case No.: C07-4041 PVT<br><br>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br>Hearing Date: January 8, 2008<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. Patricia V. Trumbull |

**I. NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE HEREBY GIVEN THAT pursuant to the Case Management Conference Order by the court dated November 14, 2007 [Doc 12], Plaintiffs will and do hereby move the court for a summary judgment against all Defendants in the above-captioned action on the ground that there is no genuine issue as to any material facts and that Plaintiff s are entitled to a judgment against all Defendants as a matter of law. The motion will be heard before the Honorable Magistrate Judge

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Case No.: C07-4041 PVT                              1

Patricia V. Trumbull in Courtroom 5 located at 280 South 1st Street, San Jose, CA 95113 at 10:00 a.m., January 8, 2008.

## II. RELIEF SOUGHT BY PLAINTIFFS

Plaintiffs seek summary judgment in their mandamus action against all Defendants ordering them to forthwith complete the security clearances on Plaintiff JIANMIN WANG[1] and to adjudicate Plaintiff JIANMIN WANG's application to adjust status. In addition, should Plaintiffs be adjudged the prevailing party in this action, Plaintiffs pray that Defendants be ordered to pay Plaintiffs' cost of this suit, reasonable attorney's fees incurred in prosecuting this action under the Equal Access to Justice Act, 28 U.S.C. §2412 and such other and further relieve that the court deems just and proper.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

A.  Issues Presented:

    1.  Whether the court has subject matter jurisdiction over the claims made by plaintiffs.

    2.  Whether Defendants' delay of more than four years in adjudicating plaintiffs' petition/application since the date of their filings is reasonable.

B.  Statement of Facts;

On September 25, 2003, Plaintiff, Ms. LI WANG, as a United States citizen, filed a Petition for Alien Relative on behalf of her husband, JIANMIN WANG using the form I-130, with the Dallas District Office of the predecessor of the United States Citizenship and Immigration Service (USCIS), the Immigration and Naturalization Services (INS). [¶6, Complaint, Doc 1 and **Exhibit A** thereto] [See also ¶6, Answer, Doc 3] Also on September 25, 2003, Plaintiff JIANMIN WANG, filed an Application to Adjust to Permanent Resident Status using the Form I-485 with the Dallas District

---

[1]. Plaintiff LI WANG filed a Petition for Alien Relative (Form I-130) on behalf of her husband, JIANMIN WANG, concurrently with JIANMIN WANG's application to adjust status [Form I-485] with the Dallas District Office of the USCIS. [¶¶ 6, 7, Complaint, Doc 1] [See also ¶¶ 6, 7, Answer, Doc 3] Plaintiff's counsel has learned from Defendants' counsel that the I-130 petition had been approved even though neither plaintiffs nor their attorneys of record received a written notice of the approval from the USCIS. For purposes of this motion, because adjudication of JIANMIN WANG's I-485 application is dependent upon the approval of the I-130 petition, there is no need to separately seek an order for the USCIS to adjudicate the I-130 petition.

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Case No.: C07-4041 PVT                             2

1  Office of USCIS as beneficiary of the I-130 petition filed by Ms. LI WANG on his behalf. [¶7,
2  Complaint, Doc 1 and **Exhibit A** thereto] [See also ¶7, Answer, Doc 3] More than four years have
3  passed since September 25, 2003, JIANMIN WANG's I-485 application remains un-adjudicated and
4  currently pending with the San Jose District Office of the USCIS. [¶7, Answer, Doc 3]

   On August 25, 2005, Petitioner/Plaintiff LI WANG and applicant/Plaintiff JIANMIN WANG
6  were interviewed at the Dallas District Office of the USCIS in connection with the I-130 petition and
7  I-485 application. [¶8, Complaint, Doc 1 and **Exhibit D** thereto] [See also ¶8, Answer, Doc 3]

   Plaintiff JIANMIN WANG was interviewed again by the Dallas District of the USCIS on
9  February 13, 2007. Both Plaintiff LI WANG's I-130 Alien Relative Petition and Plaintiff JIANMIN
10 WANG's I-485 adjustment of status application remain un-adjudicated as of this date. [¶10,
11 Complaint, Doc 1 and **Exhibit F** thereto] [See also ¶10, Answer, Doc 3] The subject I-130 petition
12 and I-485 application are being or have been transferred to the San Jose District Office of the USCIS
13 for further processing. [¶7, Answer, Doc 3]

14 As of July 16, 207, the Dallas District Office was processing adjustment of status
15 applications filed on or about January 13, 2007, more than three years after the plaintiffs filed their
16 petition/application. [¶11, Complaint, Doc 1 and **Exhibit G** thereto] [See also ¶11, Answer, Doc 3]
17 As of November 14, 2007, the San Jose District Office was processing adjustment of status
18 applications filed six months earlier, almost four years after the plaintiffs filed their
19 petition/application. Attached hereto as **Exhibit 1** is a true copy of the Processing Time of the San
20 Jose District Office as posted on USCIS's web site at www.uscis.gov on November 14, 2007.
21 Defendants' delay in adjudicating Plaintiff JIANMIN WANG's I-485 application to adjust status has
22 caused delay to Plaintiff in obtaining valuable immigration benefits and has caused other severe
23 irreparable injuries to Plaintiff. [¶127, Complaint, Doc 1]

24 C.   Law on Summary Judgment and Argument:
25      1.   Summary Judgment Standards:
26 Summary judgment is appropriate when evidence, viewed in the light most favorable to the

1  nonmoving party, demonstrates that "there is no genuine issue as to any material fact and the moving
2  party is entitled to judgment as a matter law. *FED. R. CIV. P. 56(c); Cleotex Corp. v. Catret*, 477
3  U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party must demonstrate that
4  there are no genuine issues of material fact. *Horphag v. Research Ltd. v. Garcia*, 475 F.3d 1029,
5  1035 (9th Cir. 2007). An issue is "genuine" if the evidence is such that a reasonable jury could return
6  a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct.
7  2505, 91 L. Ed. 2d 202 (1986); *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).
8  An issue is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at
9  48; *Rivera*, 395 F.3d at 1146.

10        The non-moving party cannot merely rely on the pleadings in its response to a properly
11  supported summary judgment motion, but must instead present specific and supported facts, of
12  significant probable value, to preclude summary judgment. *Matsushita Elec. Indus. Co. Ltd. v. Zenith
13  Radio Corp.*, 475 U.S. 574, 586 n. 11, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1985); *Federal Trade
14  Commission v. Gill*, 265 F.3d 944, 954 (9th Cir. 2001). In determining whether a genuine issue of
15  material fact exists, the court views the evidence and draws inferences in the light most favorable to
16  the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep.t of the Navy*, 365 F.3d 827,
17  832 (9th Cir. 2004).

18        2.    <u>Argument</u>:

19        As stated above, the undisputed facts are the following: On September 25, 2003, Plaintiff,
20  Ms. LI WANG, as a United States citizen, filed a Petition for Alien Relative on behalf of her
21  husband, Mr. JIANMIN WANG, with the USCIS. JIANMIN WANG concurrently filed an
22  Application to Adjust to Permanent Resident Status. Although on August 25, 2005, the spouses
23  were interviewed together at the Dallas District Office of the USCIS and JIANMIN WANG was
24  interviewed again by the Dallas District of the USCIS on February 13, 2007, JIANMIN WANG's
25  application remains un-adjudicated and is currently pending with the San Jose District Office of the
26  USCIS. There is no evidence as to why JIANMIN WANG was interviewed a second time and why
27

28  PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
    Case No.: C07-4041 PVT                               4

his application cannot be adjudicated even though more than four years have passed since September 25, 2003. In the meantime, people who filed their applications more than three years after JIANMIN WANG filed his application, are having their applications adjudicated in approximately six months.

Defendants have a nondiscretionary duty to adjudicate Plaintiff's application and Plaintiff is entitled to have his application processed within a reasonable period of time. *Konchitsky v. Chertoff, 2007 U.S. Dist. LEXIS 53998, 2007 WL 2070325, at *3 (ND. Cal. 2007);* See also *Wu v. Chertoff, 2007 U.S. Dist. LEXIS 33816, 2007 WL 1223858, at *3 (N.D. Cal. 2007)* ("taken together, the APA, the INA, and [8 C.F.R. §245.2(a)(5)] establish a clear and certain right to have immigration status adjustments adjudicated, and to have them adjudicated within a reasonable time frame"); *Singh v. Still, 470 F. Supp. 2d 1064, 1067(N.D. Cal. Jan. 8, 2007)* (holding there is non-discretionary duty on the part fo the government to act on an I-485 application and explaining [*33] that "there is a difference between the INS' discretion over *how* to resolve an application and the INS' discretion over *whether* it resolves an application." emphasis in original). *Chen v. Chertoff, 2007 U.S. Dist. LEXIS 68536 (N.D. Cal. Sept. 6, 2007)* (holding summary judgment appropriate where USCIS unreasonably delayed adjudication of I-485 application for almost two years).

   3. <u>Conclusion</u>:

Based on the above discussion of law and facts, it is clear that the Defendants have a nondiscretionary duty to adjudicate Plaintiff's application and Plaintiff is entitled to have his application processed within a reasonable period of time. Defendants have unreasonably delayed adjudication of plaintiff's I-485 application for more than four years. There is no genuine issue as to any material fact in this respect and the Plaintiff is entitled to a judgment in his favor as a matter law. Therefore, Plaintiff's motion for judgment should be granted.

D. <u>This Court Has Subject Matter Jurisdiction over the Claims Made by Plaintiffs</u>:

   1. <u>Mandamus and the Administrative Procedure Act</u>:

Under 28 U.S.C. § 1361, the Mandamus and Venue Act of 1962, "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is

available, only when (1) the plaintiff's claim is clear and certain; (2) the defendant's official duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998); *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003).

The Administrative Procedures Act ("APA") provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." *5 U.S.C. § 702*. This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." *Id. § 706(1)*; see also *Brock v. Pierce County*, 476 U.S. 253, 260 n.7, 106 S.Ct. 1834, 1839 n.7, 90 L.Ed.2d 248 (1986) (noting that APA permits district court to compel agency action); *United States v. Popovich*, 820 F.2d 134, 137 (5th Cir.), cert. denied, 108 S.Ct. 487 (1987) (same). The APA, standing alone, does not provide a basis for the exercise of subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). However, a federal district court has jurisdiction over "all civil action arising under the constitution, law, or treaties of the United States." *28 U.S.C. §1331*. This statute, in combination with the APA, vests the court with jurisdiction to compel agency action that is unreasonably delayed or withheld. *Sierra Club v. Glickman*, 156 F.2d 606, 617 (5th cir. 1998), (holding that suit to compel agency action could be brought under APA). In the absence of a specific statutory provision to the contrary, district courts have jurisdiction to review agency action as part of their general federal questions jurisdiction, *28 U.S.C. §1331. Proyecto San Pablo v. I.N.S.*, 189 F.3d 1130, 1136, n. 5 (9th Cir. 1999). Therefore, this court has jurisdiction over Plaintiff's claims under *28 U.S.C. §1331, 5 U.S.C. § 702* or a combination thereof.

    2.    <u>Title 8 U.S.C. §1255(a), §1252(a)92)(B)(ii), and 8 C.F.R. §245.2(a)(5)</u>:

*8 U.S.C. §1255(a)* provides, "The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if 1) the alien makes an application for such adjustment; (2) the alien is eligible to receive

an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." Plaintiff JIANMIN WANG filed his I-485 application pursuant to this section of the code when an immigrant visa was and still is immediately available to him as a beneficiary of an I-130 petition filed by his U.S. citizen wife, LI WANG, in the immediate relative category. By all means, he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence. But the USCIS has delayed or withheld the adjudication of this application by more than four years.

*8 U.S.C. § 1252(a)(2)(B)* under the heading, "Denials of Discretionary Relief," provides, "Notwithstanding any other provision of law (statutory or non-statutory) . . ., no court shall have jurisdiction to review—

(i) any *judgment* regarding the granting of relief under section 212(h), 212(i), 240A, 240B, or 245, or
(ii) any other *decision or action* of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a).

*8 U.S.C. § 1252(a)(2)(B)(i)*,, by its use of the terms "judgment" and "decision or action" "only bars review of actual *discretionary decisions* to grant or deny relief under the enumerated sections, including section 1555." <u>Iddir v. INS</u>, *301 F.3d 492, 497 (7th Cir., 2002)* If an adjustment of status application is "denied" "on the merits," the denial "would be the 'Judgment' or 'decision or action' likely covered by section 1252(a)(2)(B). <u>Id</u> at 498.

The default rule is that agency actions are reviewable under federal questions jurisdiction, 28 U.S.C. § 1331 and the APA, even if no statute specifically authorizes judicial review. *Chen v. Michael Chertoff, et al.,* 2007 U.S. Dist. LEXIS 68536 (N.D.Cal. September 6, 2007) at *16 citing *Ana Int'l Inc. V. Way,* 393 F.3d 886, 890 (9th Cir. 2004) and *Perez-Martin v. Ashcroft*, 394 F.3d 752, *757 (9th Cir. 2005)* (there is a "well-settled presumption favoring interpretation of statutes that allow judicial review of administrative action.") (citation omitted) "Moreover, a narrow construction of a jurisdiction-stripping provision is favored over a broad one, and a jurisdictional bar is not to be expanded beyond its precise language." <u>Id</u> citing *Ana Intl*, 393 F.3d at 891. "This also applies to 8

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Case No.: C07-4041 PVT                    7

1  U.S.C. § 1252(a)(2)(B)(ii)." <u>Id</u> citing *Ana Intl*, 393 F.3d at 890 and *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687-91 (9th Cir. 2003).

"8 U.S.C. § 1252(a)(2)(B)(ii) refers not to 'discretionary decisions,' [of the Illegal Immigration Reform and Immigrant Responsibility Act], but to acts the *authority* for which is *specified* under the INA to be discretionary. Following the 'sell-established canon of statutory interpretation that the use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words,' we must assume that this difference in language is legally significant. If Congress had intended to withdraw jurisdiction over all 'discretionary decisions,' it would have used the same language found in the transitional rules." <u>Id</u> at *16-17. [Original emphasis]

The *Chen* court concludes, the word "action" in section 12529a)(2)(B)(ii) should not be broadly construed as divesting the courts of jurisdiction to review any matter related to reviewing applications, including the pace of review and the phrase "decision or action" denotes to some affirmative conduct by the Attorney General. Black's law Dictionary defines "action" as "The process of doing something; conduct or behavior." BLACK'S LAW DICTIONARY 28 (7th ed. 1999). The "action" of the statute should therefore not be equated with "inaction," and "indefinite inaction" should not be construed as falling under the rubric of the discretion accorded the Attorney General. <u>Id</u> at *20. Therefore, 8 U.S.C. § 1252(a)(2)(B)(ii) does not preclude judicial review of the adjudication process of applications to adjust to permanent resident status where, as in here, the claims are an agency's inaction as opposed to an agency's affirmative decision, judgment or action.

*8 C.F.R. §245.2(a)(5)* under the heading "Decision" provides, (i) The applicant <u>shall</u> be notified of the decision of the director and, if the application is denied, the reasons for the denial and (ii) If the application is approved, the applicant's permanent residence <u>shall</u> be recorded as of the date of the order approving the adjustment of status. [Emphasis added] <u>No appeal lies from the denial of an application by the director</u>. *Id* [Emphasis added] This section of the code clearly mandates that a decision on Plaintiff's application shall be made and Plaintiff shall be notified of such decision, be it denial or approval.  This section also makes it clear that there is no appeal from a denial of an

adjustment application. It is the final decision to approve or deny the adjustment application that is discretionary. The jurisdiction stripping clause within section of *8 C.F.R. §245.2(a)(5)* regarding the denial of an application (an affirmative action by the USCIS) is consistent with interpretation of *8 U.S.C. § 1252(a)(2)(B)* in that only an affirmative agency decision, judgment or action [as opposed to agency inaction] is not reviewable.

As discussed above, the Plaintiff's claim is clear and certain; the Defendant's official duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and no adequate remedy is available to Plaintiff other than to seek relief through this action. Furthermore, *Title 8 U.S.C. §1255(a),* when read together with 8 U.S.C. §1252(a)92)(B)(ii) and 8 C.F.R. §245.2(a)(5) and the significant number of district courts's decisions, does not bar review of Plaintiff's claims in this action where the matter requested for review is USCIS' inaction or unreasonable delay in taking the necessary action to adjudicate plaintiff's application.

### IV. CONCLUSION:

The above discussions of law and facts establish that the court has subject matter jurisdiction over the claims of Plaintiffs' and Plaintiffs are entitled to a summary judgement in their favor as a matter of law.

Dated: December 4, 2007        Law Offices of John J. Kang
/s/
_____
John J. Kang
Attorney for Plaintiffs