1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

| | | |
|---|---|---|
| LI WANG and JIANMIN WANG, | ) | Case No.: C07-4041  PVT |
| | ) | |
| Petitioners, | ) | ORDER GRANTING PLAINTIFFS' |
| | ) | MOTION FOR SUMMARY |
| v. | ) | JUDGMENT; DISMISSING CLAIMS |
| | ) | AGAINST DEFENDANT MUKASEY; |
| EMILIO T.  GONZALEZ, Director of | ) | AND DENYING REMAINING |
| Citizenship and Immigration Services; | ) | DEFENDANTS' MOTION FOR |
| MICHAEL CHERTOFF, Secretary of | ) | SUMMARY JUDGMENT |
| Homeland Security, and MICHAEL | ) | |
| MUKASEY, Attorney General of the | | |
| United States | | |
| | | |
| Defendants. | | |

_____

## I.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff  Li Wang, a United States Citizen, and her husband Jianmin Wang, a citizen of China, seek to compel the United States to adjudicate the Application of Jianmin Wang to Adjust to Permanent Resident Status ("I-485").   On September 25, 2003, Plaintiff Li Wang filed a Petition for Alien Relative ("I-330")[1] and a form I-485 for adjustment of status. (Complaint Exh. A.); see also Declaration of Hamzeh Sarsour, ¶ 17, D's Mtn,  Exh. A) (hereinafter "Sarsour

_____

[1]The granting of the I-130 is a prerequisite to the granting of the I-485.  Defense Counsel has informed Plaintiff's counsel that the I-130 petition has been granted.  In any event, Plaintiff does not separately seek the adjudication of the I-130 because it is implicit in seeking the adjudication of the I-485.

Decl.").  Although more than four years have passed, the I-485 applications has not yet been adjudicated and remains pending with the San Jose District Office of the United States Customs and Immigration Service ("USCIS").

The parties agreed to resolve this matter by cross-motions for summary judgment.  For the following reasons, Plaintiff's Motion for Summary Judgment is GRANTED, the Claims against Defendant Mukasey are DISMISSED, and the remaining Defendants' Motion for Summary Judgment is DENIED.

## II.    LEGAL STANDARDS

### A.    Immigration and Nationality Act

The Immigration and Nationality Act, 8 U.S.C. § 1255 ("INA") provides:

> The status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255 (a).  USCIS, along with the FBI, conducts several forms of security and background checks to make sure the applicant is eligible for adjustment of status and does not pose a security risk.  The statute sets forth no time frame in which a determination must be made.

### B.    Administrative Procedure Act

The Administrative Procedure Act ("APA") requires: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. 555(b). Under the APA, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702. " Agency action" includes a failure of the agency to act and courts are empowered to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

In order to invoke jurisdiction under the APA, a petitioner must show that: "(1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on

that duty. Once a petitioner has proven a right to relief under the circumstances, it is the reviewing court's duty to 'compel agency action unlawfully withheld or unreasonably delayed.'" *Gelfer v. Chertoff et al.*, 2007 WL 902382 at *1 (N.D. Cal. March 22, 2007), *citing Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004) ("SUWA").

The APA alone does not provide an independent basis for subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107 (1977). However, jurisdiction is present when the APA is combined with 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**C.    The Mandamus Act**

In order to obtain mandamus relief, Petitioner must show that "(1) [his] claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). "Relief under mandamus and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty." *Gelfer*, 2007 WL 902382 at *3, citing *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir.1997) (finding relief sought "essentially the same" under Mandamus and APA and electing analysis under the APA). Because the same relief is sought and jurisdiction is present under the APA, this order need not address Plaintiff's Mandamus claim. *Gelfer*, 2007 WL 902382 at *3.

**D.    Summary Judgment**

Summary judgment is appropriate when the movant demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A "material" fact is one which might affect the outcome of the case under the applicable law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if a reasonable jury could return a verdict for the non- moving party. *Id.* The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 , (1986). The parties agree that the facts are undisputed. This issue is, on these undisputed facts,

1    is whether the delay is, as a matter of law, reasonable or unreasonable.

2    **III.    DISCUSSION**

3        **A.    Proper Defendants**

4        Defendants seek dismissal of all defendants except Chertoff, in his capacity as Secretary

5    of the Department of Homeland Security.  The Immigration and Nationality Act ("INA")

6    originally authorized the Attorney General of the United States to adjust the permanent resident

7    status of certain aliens who reside in the United States.   On March 1, 2003, the Department of

8    Homeland Security and , under it, the USCIS, assumed responsibility for the adjustment

9    program.  6 U.S.C. § 271(b).  The discretion formerly vested in the Attorney General is now

10   vested in the Secretary of Homeland Security.  6 U.S.C. § 551(d).  Accordingly, Defendant

11   Mukasey is not a proper defendant and all claims against him are dismissed.[2]

12       **B.    Discretionary Functions**

13        As this Court, and every judge in this district have already decided, the decision of

14   whether grant adjustment of status is discretionary, but the duty to adjudicate is not

15   discretionary.  *See e.g.  Abbasfar v. Michael Chertoff*  2007 WL 2409538, (N.D.Cal., August 21,

16   2007).  Additionally, and as this court has already noted, the APA  requires that adjudication be

17   completed within a reasonable time frame. *Chao v.  Gonzales*, 1007 WL 3022548 (N.D. Cal.

18   Oct. 15, 2007); *see also Konchitsky v. Chertoff*, 2007 WL 2070325 at * 4 (N.D.Cal. Jul 13,

19   2007); *Clayton v. Chertoff*, 2007 WL 2904049 at *5 (N.D.Cal. Oct 01, 2007) (Defendants'

20   argument would "eviscerate § 706(1) of the APA, which clearly gives the Court the power to

21   'compel agency action ... unreasonably delayed.').[3]

22

23   _____

24      [2]  The Attorney General is in charge of the Department of Justice, which is in charge of the
     FBI.  *See Singh v. Still*, 470 F.Supp.2d 1064, 1068 (N.D.Cal. 2007).  No statute or regulation
     establishes a nondiscretionary duty on the part of the FBI to process name checks for adjustment
25   of status applications.  *Id., see also Clayton v. Chertoff*, 2007 WL 2904049 (N.D. Cal. Oct. 1,
     2007) at *3.  Instead, the FBI's involvement in adjudicating I-485 applications arises by contract
26   between USCIS and the FBI.  Accordingly, this Court has no jurisdiction to compel the FBI to
     complete the background check.  *Konchitsky v. Chertoff*, 2007 WL 2070325 (N.D.Cal. Jul 13,
27   2007) at*6.

28      [3]The government does not argue, in this motion, that the pace of adjudication is discretionary
     and not subject to the restrictions of the APA.

1     The government argues that relief is not available under either the APA because

2 compelling the USCIS to act would interfere with the discretion of the FBI to conduct

3 background checks as it sees fit.  As discussed more fully in *Chao*, the USCIS's decision to

4 subcontract the background check to the FBI does not transform  its nondiscretionary duty to

5 adjudicate the petitions into a discretionary function.

6     **C.**    **Reasonableness of the Delay**

7     To determine whether a delay is egregious, such that relief under the APA is warranted,

8 the Ninth Circuit has adopted the test first articulated in *Telecomm. Research and Action Ctr. v.*

9 *FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC").  The TRAC factors include:

> 1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

16 *Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001).

17     This Court recently addressed the TRAC factors in *Chao* and articulated a standard in

18 agreement with the holdings of other courts within the district that a delay of two years is

19 presumptively unreasonable as a matter of law.  *Dong v. Chertoff*, 2007 WL 2601107 (N.D. Cal.

20 Sept. 6, 2007) (holding delay of close to two years unreasonable as a matter of law); *Gelfer*,

21 2007 WL 902382 at *3 (holding that a more than two year delay in processing I-485 application

22 unreasonable as a matter of law); *Clayton v. Chertoff*, 2007 WL 2904049 at * 6 (N.D. Cal. Oct.

23 1, 2007) (recognizing that courts within the district have adopted two years as an unreasonable

24 amount of time.)

25     In this case, Plaintiff has been waiting since September of 2003, over four years.  This

26 delay is presumptively unreasonable.  The government has made no showing of any special

27 circumstances or justifications relating to this Plaintiff specifically that would rebut the

28 presumption that such a delay is unreasonable.  Accordingly, the delay is unreasonable.

1

**D.    Fees Under the Equal Access to Justice Act**

2    Plaintiff also asks the Court to grant reasonable attorney's fees pursuant to the Equal

3    Access to Justice Act ("EAJA")  28 U.S.C. § 2412.  Because the government has not fully

4    briefed the issue of the availability of fees under the EAJA, if Plaintiffs still seek fees, they shall

5    file a Motion for fees under the EAJA and the motion shall be briefed and heard on the normal

6    schedule set forth in the Federal Rules of Civil Procedure.

7    **IV.    CONCLUSION**

8    For the Foregoing Reasons, the Court finds that the action sought to be compelled,

9    adjudication of the I-485 petition, is a non-discretionary act that has been unreasonably delayed.

10   Accordingly, It Is Hereby Ordered that:

11         1.    The claims against, the Claims against Defendant Mukasey are

12               DISMISSED;

13         2.    Plaintiff's Motion for Summary Judgment is GRANTED;

14         3.    Defendants' Motion for Summary Judgment is DENIED; and

15         4.    Defendant Chertoff is Ordered to adjudicate Plaintiff's I-485 petition

16               within sixty days from the date of this Order.

17   IT IS SO ORDERED.

18   Dated: December  17,  2007          *Patricia V. Trumbull*

19                                        _____
                                          PATRICIA V. TRUMBULL
20                                        United States Magistrate Judge

21

22

23

24

25

26

27

28