JOHN J. KANG, Esq.
Law Offices of John J. Kang
7670 Opportunity Road, Suite 225
San Diego, CA 92111
Telephone: (858)278-5480

California State Bar No. 190751
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LI WANG and JIANMIN WANG<br><br>    Plaintiffs<br><br>vs.<br><br>EMILIO T. GONZALEZ, Director of Citizenship and Immigration Services; MICHAEL CHERTOFF, Secretary of Homeland Security; and ALBERTO R. GONZALES, Attorney General of the Unites States<br><br>    Defendants | Case No.: C07-4041 PVT<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND REQUEST FOR LEAVE TO FILE A CROSS-OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>Hearing Date: None<br>Hearing Time: None<br>Judge: Hon. Patricia V. Trumbull |

    Plaintiffs hereby oppose defendants' motion for reconsideration and leave for further briefing on the following grounds: (1) failure to comply with Civil L.R. Rule 7-9; (2) failure to state sufficient reason for motion under Fed. R. Civ. Proc. 60; and (3) if there were errors in the court's order of December 17, 2007 [Doc. 16], the errors were harmless under Fed. R. Civ. Proc. 61.

    Civil L.R. Rule 7-9(a) requires that leave of court be first obtained before a motion for

1 reconsideration may be filed. There is no evidence that Defendants have obtained leave from the
2 court before they filed their motion for consideration. Furthermore, Defendants failed to comply with
3 Civil L.R. Rule 7-9(b) in that their motion did not "specifically show" (1) the existence of a material
4 difference in fact or law before the court issued the order; (2) the emergence of any new material
5 facts or a change of law occurring since the court issued the order; and (3) any manifest failure by the
6 court to consider materials facts or dispositive legal arguments presented to the court before the order
7 was issued.

8     Defendants' motion purportedly filed under Fed. R. Civ. Proc. 60 stated three possible
9 reasons for the motion, namely, (1) newly discovered evidence, (2) clear error was committed by the
10 court or the order was manifestly unjust; or (3) an intervening change in the controlling law has
11 occurred. Yet the motion failed to described or include any proof of new evidence. Nor did it refer to
12 any change in the controlling law. The only possible reason for the reconsideration would be that the
13 court issued the order prior to the parties were to file their respective cross-oppositions to their cross-
14 motions for summary judgment. Assuming for the purpose of argument that this constituted an error,
15 the error is absolutely harmless under Fed. R. Civ. Proc. 61. As such, the motion should be denied.

16     No error in admission or exclusion of evidence, and no error in any ruling or order by the
17 court is ground for disturbing the order <u>unless</u> it appears to the court that refusal to correct the errors
18 is inconsistent with substantial injustice. Fed. R. Civ. Proc. 61. The only error alleged in the
19 Defendants' motion, if it was an error, is clearly harmless. Defendants did not even attempt to state
20 that any injustice has resulted or will result from the court's order. <u>Phoenix Eng'g & Supply v.</u>
21 <u>Universal Elec. Co.</u>, 104 F.3d 1137, 1142 (9th Cir. 1997).

22     The facts of the case are clear and undisputed: Plaintiff Jianmin Wang's application to adjust
23 to permanent resident status had been pending with U.S. Citizenship and Immigration Service
24 (USCIS) for more than four years since September 2003. Defendants were aware of this court's
25 interpretation of the law as applied to this case. Defendants stated they were aware of this court's

26

27 PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND REQUEST FOR LEAVE TO FILE A CROSS-OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
28 Case No.: C07-4041 PVT                    2

decision in Chao v. Gonzales, 2007 WL 3022548 (N.D. Ca. Oct. 15, 2007). [FN 1, P. 1, Defendants' Motion for Summary Judgment] The issues and facts involved in Chao are identical to those in the instant action except that Mr. Wang's I-485 application had been pending with the USCIS one year longer than that of Ms. Chao's. There was no surprise that the court would make an almost identical ruling to that in Chao. Under these circumstances, further briefing would be needlessly futile for the Defendants and would only waste valuable resources of the parties and the court. Furthermore, Defendants did not even attempt to explain the necessity for further briefing and what difference, if any, further briefing would bring.

     In summary, Defendants' motion for reconsideration was filed without compliance with Civil L.R. Rule 7-9. It failed to state sufficient reasons for the motion as required by Fed. R. Civ. Proc. 60. If there were errors committed in the court's order, the errors were harmless under Fed. R. Civ. Proc. 61. Therefore, the motion for reconsideration and request for leave for further briefing are unwarranted and both should denied in the court's discretion.

Dated: January 15, 2008        Law Offices of John J. Kang
/s/
_____
John J. Kang
Attorney for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND REQUEST FOR LEAVE TO FILE A CROSS-OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: C07-4041 PVT        3