1  JOHN J. KANG, Esq.
   Law Offices of John J. Kang
2  7670 Opportunity Road, Suite 225
   San Diego, CA 92111
3  Telephone: (858)278-5480

4  California State Bar No. 190751
   Attorney for Plaintiffs
5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 LI WANG and JIANMIN WANG           )
                                      )
11      Plaintiffs                    )   Case No.: C07-4041 PVT
                                      )
12 vs.                                )
                                      )
13                                    )   PLAINTIFFS' CROSS-OPPOSITION TO
   EMILIO T. GONZALEZ, Director of    )   DEFENDANTS' CROSS-MOTION FOR
14 Citizenship and Immigration Services; )  SUMMARY JUDGMENT
   MICHAEL CHERTOFF, Secretary        )
15 of Homeland Security; and          )   Judge: Hon. Patricia V. Trumbull
   ALBERTO R. GONZALES,               )
16 Attorney General of the Unites States )
                                      )
17                                    )
        Defendants                    )
18                                    )

19

20                      **I.  Statement of the Case**

21      Plaintiff Jianmin Wang, a citizen of the People's Republic of China, originally filed an

22 application I-485 for adjustment of status with the USCIS on September 25, 2003 based on his

23 marriage to Li Wang, a U.S. citizen.  Simultaneously, Plaintiff Li Wang filed an I-130 Petition for

24 Alien Relative on behalf of Jianmin Wang.  Plaintiffs' Counsel was informed that the I-130 petition

25 has been granted, but Jianmin Wang's I-485 application remains pending and un-adjudicated at the

26 San Jose District Office of the USCIS.  Plaintiffs filed the instant complaint on August 7, 2007 for

27 ─────────────────────────────────────
   PLAINTIFFS' CROSS-OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY
   JUDGMENT
28 Case No.: C07-4041 PVT                          1

the relief of mandamus against the USCIS and related government agencies, after almost four years has elapsed since the Plaintiffs originally filed their applications.

On December 4, 2007, cross-motions for summary judgment were filed by both parties. On December 17, 2007, the Court entered an Order Granting Plaintiffs' Motion for Summary Judgment, and Denying Defendants' Cross-Motion for Summary Judgment. On December 26, 2007, the Defendants filed a Motion for Reconsideration and Request for Leave to File a Cross-Opposition to Plaintiffs' Cross-Motion for Summary Judgment. On January 17, 2008, the Court at its discretion, issued an Order Granting Defendants' Motion for Reconsideration and ordered the parties to file Cross-Oppositions to their Cross-Motions for Summary Judgment. The Court's order of December 17, 2007 is stayed pending the Court's consideration of the cross-oppositions. The Plaintiffs hereby file their Cross-Opposition to Defendants' Cross-Motion for Summary Judgment.

## II. Law and Argument

a. <u>USCIS's Duty to Adjudicate the I-485 Adjustment of Status Application is a Non-Discretionary Function and Subject to Relief Under the Administrative Procedures Act.</u>

Defendants argue in their cross-motion for summary judgment that judicial review under the Administrative Procedures Act ("APA") is precluded where "agency action is committed to agency discretion by law." 5 U.S.C. §701(a)(2). Both parties briefed the Court on the relevant sections of the APA. [See pp.4:15-5:13 of Defendants' Cross-Motion for Summary Judgment and pp. 5:24-6:22 of Plaintiffs' Cross-Motion for Summary Judgment. See also pp. 2:18-3:9 of the Court's December 17, 2007 Order.] Specifically, the APA requires: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. §555(b). Under the APA, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. §702. "Agency action" includes a failure of the agency to act and the judiciary is entitled to "compel agency action

PLAINTIFFS' CROSS-OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: C07-4041 PVT                        2

unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).  As the Court noted in its December 17, 2007 order, every judge in this district had already decided that although the decision of whether to grant adjustment of status is discretionary, the duty to adjudicate is not discretionary. [p. 4, ll. 13-15, Doc. 16] *See also Abbasfar v. Chertoff*, 2007 WL 2409538, (N.D.Cal., August 27, 2007)(duty to adjudicate adjustment of status is not discretionary).

The APA further requires that adjudication be completed within a reasonable time frame. *Chao v. Gonzales*, 2007 WL 3022548 (N.D. Cal., October 15, 2007); see also *Konchitsky v. Chertoff*, 2007 WL 2070325 at *4 (N.D.Cal., July 13, 2007); *Clayton v. Chertoff*, 2007 WL 2904049 at *5 (N.D.Cal., October 1, 2007).  This Court has further clarified that even the contractual relationship between the USCIS and the FBI name check process does not "transform its nondiscretionary duty to adjudicate the petitions into a discretionary function." *Chao* at *3.  Defendants' argument that the Plaintiffs are seeking to compel a discretionary action is rendered untenable by the vast majority of decisions in this district.

      b.    The Delay is Unreasonable as a Matter of Law Under the APA and the First "TRAC" Factor

The Court and the Defendants are already aware of the "TRAC" factors laid out in *Telecomm. Research and Action Ctr. V. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984).  Defendants argue that the first TRAC factor swings in their favor because the delay is reasonable.  The Court has recently addressed the TRAC factors in *Chao* and adhered to the holdings of other courts in this district that a delay of two years is unreasonable as a matter of law under normal circumstances.  *Daohua Chen v. Chertoff*, 2008 U.S. Dist. LEXIS 4891 at *8 (N.D. Cal, January 23, 2008)(two-and-a-half year delay unreasonable as a matter of law); *Dong v. Chertoff*, 513 F.Supp.2d 1158, 2007 WL 2601107 (N.D. Cal. September 6, 2007)(holding delay of close to two years unreasonable as a matter of law); *Gelfer v. Chertoff*, 2007 WL 902382 at *3 (N.D. Cal., March 22, 2007)(holding that a more-than-two-year delay in processing I-485 application unreasonable as a matter of law); *Clayton v. Chertoff*, 2007 WL 2904049 at *6 (N.D. Cal., October 1, 2007). All the cases in this district clearly state that a delay of

PLAINTIFFS' CROSS-OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: C07-4041 PVT                3

close to or more than two years is unreasonable. Mr. Jianmin Wang's application has been pending with the USCIS for more than four (4) years. The delay is clearly unreasonable. Thus, in this case the first TRAC factor is clearly in favor of the Plaintiffs.

        c.      <u>The Indefinite Delay Weighs Second "TRAC" Factor in Favor of the Plaintiffs</u>

Defendants argue that the second TRAC factor weighs in their favor because there is no statutory requirement requiring USCIS to adjudicate the application within a certain amount of time. However, the Ninth Circuit has held "even if no statute specifically provides that an agency's decisions are subject to judicial review, the Supreme Court customarily refuses to treat such silence 'as a denial of authority to an aggrieved person to seek appropriate relief in the federal courts,' and this custom has been 'reinforced by the enactment of the Administrative Procedure Act, which embodies the basic presumption of judicial review to one 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." *Spencer Enter. Inc., v. United States*, 345 F.3d 683, 687-688 (9th Cir. 2003)(following the reasoning set out by the Supreme Court in *Califano v. Sanders*, 430 U.S. 99, 106-107 (1977).) Even though no specific time-table was set, the Ninth Circuit has also agreed that the statutory language of 8 C.F.R. §245.2(a)(5) clearly states that the applications <u>shall</u> be adjudicated. <u>Patel v. Reno</u>, 134 F.3d 929, 931-932 (9th Cir. 1998)(interpreting the statutory language of 22 C.F.R. § 42.81 pertaining to the word <u>shall</u> in the same reasoning).

Furthermore, as this Court determined in *Chao*, Congress has indeed indicated a policy of processing immigration benefit applications within 180 days after their initial filings. *Chao* at *12 (citing Immigration Services and Infrastructure Improvement Act, 8 U.S.C. §1571(b)). Therefore, the second TRAC factor not only is applicable to this case, but also weighs strongly in the Plaintiffs' favor as the statutory language and various court decisions mandate that the Defendants adjudicate the Plaintiffs' application within a reasonable time. The events of September 11, 2001 do not change the fundamental responsibility of the Defendants to administer and adjudicate the Plaintiffs applications, as all of the above cited courts in this district have decided, presumably with the events

PLAINTIFFS' CROSS-OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: C07-4041 PVT                4

of September 11, 2001 and the Defendants' situation in mind.

        d.      <u>Plaintiffs' Interests and Welfare are Clearly Prejudiced</u>

Jianmin Wang is essentially without status in the United States until this application is adjudicated. His situation complicates many aspects of his personal freedoms, as he cannot travel without restrictions (being subject to annual renewals of his travel documents and the attending costs and legal fees), employment restrictions (being similarly subject to annual renewals of his employment authorization travel documents and the attending costs and legal fees), and his time required for eligibility for citizenship has been delayed. The un-adjudicated application of Jianmin Wang also creates serious issues for his wife who is a United States citizen, as they cannot make international travels together without the restrictions on her husband, among other inconveniences, because of the husband's pending status.

The third and fifth TRAC factors should focus on the impact of the delay on the welfare and economic harm caused to the individual. The Defendants attempts to misdirect the analysis on the third TRAC factor to instead focusing the discussion on the impact if one, unreasonably delayed as a matter of law application for over four years, was to be granted a judicial mandamus to be adjudicated forthwith, into a discussion on national security. Although national security concerns are of great importance, and are not disputed by the Plaintiffs, there is at most, a de minimis impact on the work schedule of the Defendants, if ordered to comply with the mandamus. There would be very few, if any, impact on national security concerns so trumpeted by the Defendants, and in any case, cannot justify the clearly unreasonable delay to the Plaintiffs' well-being. *Mahdavi v. Gonzalez*, 2007 U.S. Dist. LEXIS 86300 at *15 (N.D.Cal., November 21, 2007)(assertions of overwork alone are insufficient to justify substantial delays); *Yu v. Brown*, 36 F.Supp.2d 922, 934 (D.N.M. 1999)("delays of [a significant] magnitude, particularly when they occur over uncomplicated matters of great importance to the individuals involved, may not be justified merely by assertions of overwork." Citing *Dabone v. Thornburgh*, 734 F.Supp. 195, 203 (E.D.Pa. 1990)). Thus, the third and fifth TRAC factors must be balanced in favor of the Plaintiffs.

PLAINTIFFS' CROSS-OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: C07-4041 PVT                        5

     e.    Governmental Procedures are not Harmed or Diminished Simply by Adjudicating Plaintiffs' Long Delayed Application

The Defendants make similar arguments as the government did in *Chao*, repeating on the theme that national security issues are involved, and resources are strained. This Court in *Chao* already addressed such arguments, recognizing the government's assertions that the agencies are conducting important work on the issues of national security. However, as this Court stated, if there are legitimate national security concerns with applicants, "prompt security checks are in the interests of national security." *Chao* at *5; *Dong v. Chertoff,* 513 F.Supp.2d 1158, 1170 (N.D.Cal. Sept. 6, 2007)(government's argument is a "red herring", national security concerns favor prompt checks); *Toor v. Still*, 2007 WL 2028407 at *2 (N.D. Cal. July 10, 2007). Defendants have produced no evidence if and how plaintiffs pose any security risks to the country. The Declaration of Hamzeh Sarsour submitted by Defendants in support of their cross-motion for judgment lends no support either as it lacks any specific information as to whether the plaintiffs pose any security risks to the country. [Ex. A, Doc. 15] Without showing whether and how the Plaintiffs might pose a risk to national security, the Defendants cannot excuse themselves from the unreasonable delay based on national security. *Santillan v. Gonzalez*, 388 F.Supp.2d 1068, 1082 (N.D.Cal., 2005).

Plaintiff Jianmin Wang in this case has been waiting for over four years for his name check to be completed, longer than the vast majority of people who submit I-485 applications, and longer than most people who have filed suits in this district where it has been the concurring opinion of the courts that a wait of two years is unreasonable. Similarly, the government's argument that the prompt adjudication of the Plaintiff Jianmin Wang's application would cause inconvenience to other applicants, must fail because the Plaintiffs, just as the Plaintiffs in *Chao* and *Dong*, have been waiting for far longer than the vast majority of other applicants. When he is already at or near the front of the line, he is merely asking for the line to keep moving and the doorman to decide whether to let him in or not. Therefore, the fourth TRAC factor must be weighed towards the Plaintiffs because the Defendants have not established any particular negative effects on the government

PLAINTIFFS' CROSS-OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT
Case No.: C07-4041 PVT                  6

agencies.

      f.    <u>No Allegations of Bad Faith is Required When the Delay is Unreasonable as a Matter of Law and Defendants have not Shown Good Faith</u>

The Defendants' warnings to the Court is an unnecessary gesture when the judiciary system is empowered by Congressional acts through the APA. When the Court and other courts in this district have established that a two-year wait for a normally three-to-six-month process is presumably unreasonable, they are not "engrafting" any particular notions of procedure, but rather ruling that, under the APA, individuals have an avenue of asserting their rights set down by the legislative branch of the government. Although Plaintiffs have made no allegations of bad faith or intentional delays, the fact is that the Plaintiffs have been waiting for over four years for this to be resolved, and only filed this instant action when they were given no indication of any sort of time frame that their applications would be adjudicated and resolved. Defendants concede that the sixth factor does not require impropriety on the part of the Defendants. [p. 12, ll. 15-16, Defendants' Cross-Motion for Summary Judgment]

However, Defendants argue that they have been making good faith efforts to adjudicate Plaintiff's applications and, as such, the delay is reasonable. Assuming good faith efforts in adjudicating plaintiffs' application is a good favoring the Defendants, even though it is not, Defendants have not shown why they could not have adjudicated plaintiffs' applications in the past four years. There is simply no evidence that the Defendants are "taking active steps towards completing the background checks" or "making every effort to complete adjudication as soon as the name check is completed." [[p. 12, ll. 25-28, Defendants' Cross-Motion for Summary Judgment] A delay of more than four years does not evince good faith.

The Defendants cannot simply push the responsibility onto each other, when all of them are given the responsibility of processing and adjudicating the Plaintiffs' application within a reasonable time frame. The delay itself has become clearly unreasonable as a matter of law. *Konchitsky* at *6 ("without a particularized explanation for the delay, the court finds the more than two years of delay

of plaintiff's I-485 application unreasonable as a matter of law"); *Yu v. Brown*, 36 F.Supp.2d 922, 932 (D.N.M. 1999). Therefore, the sixth TRAC factor must be weighed in favor of the Plaintiffs.

### III. Conclusion

The previous decisions of this Court and other courts in this district regarding the latent unreasonableness of the government's delay in adjudicating adjustment of status applications are clear. The delay in adjudicating Plaintiff Jianmin Wang's adjustment of status application is clearly unreasonable and a writ of mandamus is warranted. Therefore, Plaintiffs respectfully ask the Court to deny the Defendants' Cross-Motion for Summary Judgment, and grant the Plaintiffs' Cross-Motion for Summary Judgment as a matter of law as it did in its Order of December 17, 2007.

Respectfully submitted,


Dated: February 5, 2008                Law Offices of John J. Kang
                                       /s/
                                       _____
                                       John J. Kang
                                       Attorney for Plaintiffs