JOHN J. KANG, Esq.
Law Offices of John J. Kang
7670 Opportunity Road, Suite 225
San Diego, CA 92111
Telephone: (858)278-5480

California State Bar No. 190751
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LI WANG and JIANMIN WANG<br><br>　　　Plaintiffs<br><br>vs.<br><br>EMILIO T. GONZALEZ, Director of Citizenship and Immigration Services; MICHAEL CHERTOFF, Secretary of Homeland Security; and ALBERTO R. GONZALES, Attorney General of the Unites States<br><br>　　　Defendants | Case No.: C07-4041 PVT<br><br>PREVAILING PLAINTIFFS' MOTION FOR ATTORNEY FEES UNDER 28 U.S.C. §2412(d) & 5 U.S.C. §504 et seq. (EQUAL ACCESS TO JUSTICE ACT).<br><br>Hearing Date: None<br>Hearing Time: None<br>Judge: Hon. Patricia V. Trumbull |

**I.  Relief Sought**

 LI WANG and JIANMIN WANG, Plaintiffs, moves the Court for an Order that EMILIO T. GONZALEZ, Director of Citizenship and Immigration Services and MICHAEL CHERTOFF, Secretary of Homeland Security, in their official capacities, are liable to LI WANG and JIANMIN WANG for their reasonable attorney's fees and costs incurred in connection with this matter and for an Order that the reasonable attorney's fees in this matter are $6,200.00 or whatever sum the Court

---

PREVAILING PLAINTIFFS' MOTION FOR ATTORNEY FEES UNDER 28 U.S.C. §2412(d) & 5 U.S.C.  §504 et seq. (EQUAL ACCESS TO JUSTICE ACT).
Case No.: C07-4041 PVT         1

Case 5:07-cv-04041-PVT     Document 23     Filed 03/15/2008     Page 2 of 4

determines is reasonable.

## II. Grounds for Motion

Attorney's fees in the amount of $6,200.00 are reasonable and should be awarded in this case because:

1. This is an action to which the Equal Access to Justice Act applies. In particular, this is a mandamus action for the unreasonable delay in the adjudication of Plaintiff Jianmin Wang's I-485 application by the USCIS and Department of Homeland Security. Plaintiff Jianmin Wang's I-485 application was ruled by the court as unreasonably delayed for more than four years, due to the inaction of the Defendants.

2. Li Wang and Jianmin Wang are the "prevailing party" within the meaning of 28 U.S.C. § 2412(d)(1) in that: On December 17, 2007, this Court issued an order granting Plaintiffs' Motion for Summary Judgment, denying Defendants' Motion for Summary Judgment, dismissing the claims against Defendant Mukasey, and ordering Defendant Chertoff to adjudicate Plaintiff Jianmin Wang's I-485 application within sixty days.

3. On December 26, 2007, Defendants filed a Motion for Reconsideration requesting leave to file a Cross-Opposition to Plaintiffs' Cross-Motion for Summary Judgment. The Court stayed its December 17, 2007 Order, and instructed both parties to file cross-oppositions to the cross-motions for summary judgment in an Order dated Jan 17, 2008.

4. On February 14, 2008, the Court denied the Defendants' Motion for Reconsideration, and lifted the stay on the December 17, 2007 Order in favor of the Plaintiffs.

5. Li Wang and Jianmin Wang request that this Court take judicial notice of the December 17, 2007 order [Doc 16] and the February 14, 2008 Order [Doc 22] under Rule 201 of the Federal Rules of Evidence.

6. On February 14, 2008, the U.S. Citizenship and Immigration Services sent an Approval Notice granting Plaintiff Jianmin Wang's I-485 application and bestowing permanent resident alien status as of the date of the notice. As a result of this action, Li Wang and

PREVAILING PLAINTIFFS' MOTION FOR ATTORNEY FEES UNDER 28 U.S.C. §2412(d) & 5 U.S.C. §504 et seq. (EQUAL ACCESS TO JUSTICE ACT).
Case No.: C07-4041 PVT                    2

Jianmin Wang received the relief that they sought by initiating this action.

7. This motion for attorney's fees and costs was made in a timely fashion, as required by 28 U.S.C. § 2412(d)(1)(B) in that it is being filed on this day, March 15, 2008, within 30 days of the February 14, 2008 Order lifting the stay of the December 17, 2007 Order.

8. Plaintiffs are concurrently submitting a Declaration of John J. Kang, attorney for Plaitiffs in this action with evidence of fees and costs under the Equal Access to Justice Act.

9. The fair and reasonable amount of attorney's fees and costs to be awarded in this matter is $6,550.00. This amount is based on:

   a. The contemporaneous time records of counsel for Plaintiffs, true and correct copies of which are attached to the Affidavit of John J. Kang, Esq., which is being filed with this Motion. The records disclose a total of 31 hours devoted to this matter by John J. Kang, whose billing rate for this matter is $200.00 per hour, $100.00 less than his normal billing rate of $300.00 per hour. The time records also reflect the services provided for each hour billed.

   b. The cost incurred in this action is $350.00 filing fee excluding miscellaneous expenses which the plaintiffs have decided to waive from this motion.

   c. The Affidavit of John J. Kang, Esq., establishes that the services provided were reasonable and necessary in the prosecution of this action.

   d. The Affidavit of John J. Kang, Esq., establishes that the hourly billing rates charged for the services provided in this action are actually below the generally prevailing rates in San Diego County for attorneys of comparable standing and experience.

10. The position of the Defendants in this matter was not substantially justified. The Northern District of California has consistently ruled that a delay in the adjudication of the I-485 applications of two years is presumably unreasonable as a matter of law. The government Defendants' position that the delay was reasonable is unjustified. The government Defendants' subsequent motion filed on December 26, 2007 for reconsideration of the Court's December 17, 2007 Order is equally unjustified and did not bring any new

information to the Court's attention, and only caused unnecessary work by the Plaintiffs' attorney in opposition of the motion. The Defendant's Motion to Reconsider was subsequently denied by the Court on February 14, 2007, and the stay on the Court's December 17, 2007 Order was lifted.

11. In fact, although 28 U.S.C. § 2412(d)(1)(B) requires a party moving for an award of fees, expenses, and costs to allege, as part of the motion, that the position of the United States was without substantial justification, the party seeking the award does not bear the burden on this issue. The party seeking the award is entitled to the award unless the United States shows that its position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); see, e.g., Miller v. United States, 753 F.2d 270, 274 (3d Cir. 1985) ("The burden of proving substantial justification is on the government").

### III.  Record on Motion

This motion is based on this Motion paper and the Exhibits attached to it, on the Affidavit of John J. Kang filed herewith and on the Exhibits attached thereto, on all of the pleadings and papers on file in this matter, and on whatever evidence and argument may be heard by the Court on a hearing of this Motion.

Dated: March 15, 2008            Law Offices of John J. Kang
                                 /s/
                                 _____
                                 John J. Kang
                                 Attorney for Plaintiffs